# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

SHARON CLARK,                )
                             )
    Plaintiff,           )
                             )
v.                           )  Case No. CIV-15-15-D
                             )
THE LINCOLN NATIONAL         )
LIFE INSURANCE COMPANY,      )
                             )
    Defendant.           )

## ORDER

Plaintiff brings the present Employee Retirement Income Security Act (ERISA) suit, seeking review of the denial of her claim for long-term disability benefits. At issue here is the inclusion of the Subject Report ("Report") and CV of Plaintiff's vocational expert Kathy Bottroff, which purport to establish that Defendant failed to properly consider Plaintiff's "transferable skills." Defendant contends Ms. Bottroff's Report and CV should be stricken because they were not part of the administrative record. Plaintiff contends the subject evidence is necessary to show Defendant's inherent conflict of interest in denying her claim.

It is true that, in reviewing a plan administrator's decision, the Court is generally limited to the "administrative record," which are the materials compiled by the decisionmaker in the course of rendering its conclusion. *Hall v. UNUM Life Ins. Co. of Am.*, 300 F.3d 1197, 1201 (10th Cir. 2002). However, as the Tenth Circuit

noted in *Hall*, the Court is vested with the discretion to supplement that record "when circumstances clearly establish that additional evidence is necessary to conduct an adequate de novo review of the benefit decision." *Id.* (citation omitted); *see also Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 F.3d 1124, 1129 (10th Cir. 2011) ("Although supplementation regarding eligibility for benefits is not permitted, supplementation is allowed for assessing dual-role conflict of interest claims.") (citing *Murphy v. Deloitte & Touche Group Ins. Plan*, 619 F.3d 1151, 1157-59 (10th Cir. 2010)). Indeed, the Tenth Circuit has "cautioned against too broad of a reading of [its] precedent regarding supplementation of an ERISA administrative record." *Id.* (citing *Murphy*, 619 F.3d at 1157-59).

The Court finds the subject evidence is relevant to Plaintiff's allegations of a conflict of interest. *See, e.g.,* Pl. Opening Br. at 17-24. Accordingly, the Court allows the supplementation of Bottroff's Report and CV. In the Court's view, permitting supplementation reconciles the seemingly competing purposes of promoting the interests of employees, providing employees with at least as much protection as they had enjoyed prior to ERISA's enactment, providing prompt resolution of claims, and ensuring that district courts are not made into substitute plan administrators. *Hall*, 300 F.3d at 1202.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Strike is **DENIED** as set forth herein.

**IT IS SO ORDERED** this 26th day of February 2018.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

3